UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/08/2023
```

KEENAN PARKER,

                        Plaintiff,

-against-

C.O. D. SANTIAGO; C.O. K. BREIDENSTEIN; I.G.R.P. STANAWAY; CAPTAIN BAY,

                        Defendants.

7:23-CV-9326 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Keenan Parker, who is currently incarcerated in the Upstate Correctional Facility, brings this *pro se* action asserting that the defendants violated his federal constitutional rights while he was incarcerated in the Green Haven Correctional Facility ("Green Haven"). He seeks damages, and sues: (1) Correctional Officer D. Santiago; (2) Correctional Officer K. Breidenstein; (3) Correctional Captain Bay; and (4) Green Haven Grievance Representative Stanaway. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

      By order dated October 24, 2023, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court directs service of summonses and the complaint on the defendants, and directs the defendants to comply with Local Civil Rule 33.2.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

A.    **Service on the defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service of the complaint on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is further instructed to issue a summons for each of the defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of summonses and the complaint on the defendants.

If summonses and the complaint are not served on the defendants within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the defendants until the Court reviewed the complaint and ordered that summonses for the defendants be issued. The Court therefore extends the time to serve the defendants until 90 days after the date that summonses are issued for them.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "[Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents](#)." Within 120 days of service of summonses and the complaint, the defendants must serve responses to those standard discovery requests. In their responses, the defendants must quote each request verbatim.[3]

**C.     New York Legal Assistance Group (NYLAG)**

Plaintiff may consult the legal clinic opened in this judicial district to assist people who are parties in civil cases, but who do not have lawyers. The clinic is operated by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or operated by, the court (and, among other things, therefore, it cannot accept filings on behalf of the court, which must still be filed by a *pro se* party in the court's Pro Se Intake Unit).

To receive limited-scope assistance from the clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, New York, New York 10007. Once the paperwork is received, the clinic will coordinate contact with the litigant. Once received, it may take up to two weeks for the clinic to contact the litigant. Copies of the clinic's flyer, retainer, and intake form are attached to this order.

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, he may request them from the court's Pro Se Intake Unit.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order and an information package to Plaintiff at the address listed on ECF and to show service on the docket.

The Court also directs the Clerk of Court to issue summonses for Defendants Santiago, Breidenstein, Bay, and Stanaway; complete USM-285 forms with the addresses of those defendants; and deliver all documents necessary to effect service of summonses and the complaint on those defendants to the U.S. Marshals Service.

The Court further directs the defendants to comply with Local Civil Rule 33.2 within 120 days of service of summonses and the complaint.

A flyer, retainer, and intake form from NYLAG are attached to this order.

SO ORDERED.

Dated: November 8, 2023
White Plains, New York

NELSON S. ROMÁN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Correctional Officer D. Santiago
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

2. Correctional Officer K. Breidenstein
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

3. Correctional Captain Bay
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

4. Grievance Representative Stanaway
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
SOUTHERN DISTRICT OF NEW YORK**

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

### I. LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

### II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____                              _____
Signature                                                                                            Date


**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

**NYLAG** — New York Legal Assistance Group

**Name** _____    **Date of Birth** _____

**Facility** _____

**Identification #** _____    **Email (if available)** _____

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |

Other _____

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**