USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/13/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEENAN PARKER,

Plaintiff,

-against-

OFFICER SANTIAGO, OFFICER
BREIDENSTEIN, CAPTAIN BEY, L.
STANAWAY

Defendants.

23-cv-9326 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Keenan Parker ("Plaintiff") proceeding *pro se* initiated this action on October 20, 2023, asserting claims under 42 U.S.C. § 1983 ("Section 1983") for alleged violations of the Eighth Amendment and Fourteenth Amendment, as well as a Section 1983 conspiracy claim, against Defendant Correctional Officer Santiago ("Santiago"), Defendant Correctional Officer Breidenstein ("Breidenstein"), Defendant Correctional Captain Bey ("Bey"), and Defendant Grievance Representative L. Stanaway ("Stanaway") (together, the "Defendants").

Presently before the Court is Defendants' Motion to Dismiss *pro se* Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the following reasons, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

The following facts are derived from the Complaint and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

Plaintiff is an inmate housed at Attica Correctional Facility, bringing forth his Complaint based on allegations arising from incidents at Green Haven Correctional Facility ("Green Haven"). (Compl. p. 3.) On December 14, 2020, Santiago plotted against Plaintiff with the K-9 Officer to

harm Plaintiff. (Compl. p. 4.) Specifically, Santiago and the K-9 officer worked together to make it seem as if Plaintiff possessed contraband. (*Id*.) Plaintiff was then selected for a pat-frisk, and, out of fear, attacked Santiago, who then fell down. (*Id*. p. 5.) Plaintiff then walked into the yard and assumed a submissive position, with his hands on the top of his head. (*Id*.) Breidenstein, who was also in the yard at the time, then pepper sprayed the Plaintiff in the eyes and face. (*Id*.) As a result, Plaintiff's vision was "somewhat damaged" and now Plaintiff has to take "medication for eyes." (*Id*. p. 6). After pepper spraying the Plaintiff, Breidenstein also pointed to the Plaintiff and several officers then attacked the Plaintiff. (*Id*.)

Plaintiff further alleges that Bay downloaded and manipulated the "video footage" to conceal the fact that "so many officers attacked Plaintiff for no reason at all." (*Id*.) Lastly, Stanaway failed to "fully process" one of Plaintiff's grievances and Plaintiff states that Stanaway has "a long history of destroying Prisoners Grievance." (*Id*.)

Based on foregoing, Plaintiff brings Section 1983 claims alleging violations of the Eighth Amendment and Fourteenth Amendment, as well as a Section 1983 conspiracy claim, seeking monetary relief for damages.

## PROCEDURAL HISTORY

On October 20, 2023, Plaintiff commenced this action against Defendants in his complaint ("the Complaint") (ECF No. 1). Plaintiff filed an additional letter on April 16, 2024, further detailing his arguments in support of the Complaint ("the Letter") (ECF No. 32). On July 2, 2024, Defendants filed a motion to dismiss and their memorandum of law in support (the "Motion" or "Mot.", ECF Nos. 35 and 36) Plaintiff filed a letter opposing Defendants' motion on July 17, 2024 (the "Opposition" or "Opp.", ECF No. 39).

## LEGAL STANDARD

### A.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") provides in relevant part, that a case is properly dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it. When resolving a Rule 12(b)(1) motion for lack of lack of subject matter jurisdiction, the court may refer to evidence outside the pleadings. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986). Plaintiff bears the burden of demonstrating by a preponderance of the evidence that subject matter jurisdiction exists. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996).

### B.  Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry

is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### C.  Section 1983

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured." Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); see Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004). To assert a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution."  *Castilla v. City of New York*, No. 09-CV-5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant' s actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. See Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998); Quinn v. Nassau Cty. Police Dep' t, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.")

**D.  *Pro Se* Pleading Standard**

Where a litigant is *pro se*, the Court is empowered to consider "new facts raised in opposition papers to the extent they are consistent with the complaint, treating the new factual allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018). A Court may consider "new claims appearing for the first time in the briefing 'if the claims could have been asserted based on the facts alleged in the complaint." *Vlad-Berindan v.MTA New York City Transit*, No. 14-cv-675, 2014 WL 6982929, at *5 (S.D.N.Y.2014) (citing *Rosado v. Herard*, No. 12-cv-8943, 2013 WL 6170631, at *3 (S.D.N.Y. 2013). Courts are to read a *pro se* litigant's papers "liberally" and "interpret them to raise the strongest argument that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 791 (2d Cir. 1994).

## DISCUSSION

Plaintiff brings claims pursuant to Section 1983, alleging Eighth Amendment and Fourteenth Amendment violations, as well as a Section 1983 conspiracy claim. The Court will address each claim in turn.

**A.  Section 1983 - Fourteenth Amendment Claim**

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a procedural due process claim entitling Plaintiff to damages under § 1983, Plaintiff must show that Defendant acted under color of state law and "(1) that Defendant[ ] deprived him of a cognizable interest in life, liberty, or property, (2) without affording him constitutionally sufficient process." *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017) (internal quotation marks omitted); *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996). Additionally, "[p]leadings pursuant to § 1983 must contain 'more than mere conclusory allegations.'" *Richard v. Fischer*, 38

F. Supp. 3d 340, 351 (W.D.N.Y. 2014) (quoting *Salahuddin v. Cuomo,* 861 F.2d 40, 43 (2d Cir.1988)).

Regarding Stanaway, the Complaint states that Stanaway is a "grievance rep" "who fail to fully process Plaintiff Grievance." (Compl. p. 5.) Additionally, the Complaint alleges that Stanaway "has a long history of destroying Prisoners Grievance." (*Id*.) Notably, the Complaint does not allege that Plaintiff filed a grievance regarding the instant action or that Stanaway hindered Plaintiff's ability to avail himself of the relevant grievance procedures to address the current allegations. (*Id*.) Instead, the Complaint only offers conclusory language that Stanaway's historical treatment of prisoners' grievances violated the Fourteenth Amendment. (*Id*.) Plaintiff's opposition similarly asserts nonspecific allegations, claiming that Stanaway "tamper[ed] with grievance[s]" (Opp. p. 2), and Plaintiff's letter is likewise unhelpful, stating "Stanaway has an extensive history of not filing people grievance or pushing it to the next level of exhaust[ion]. (Letter p. 3.) With no sufficient allegations as to present conduct, the Court cannot identify a viable cause of action for a violation of Plaintiff's rights under the Fourteenth Amendment. Accordingly, Plaintiff's Fourteenth Amendment claims against Stanaway must be dismissed without prejudice.

As to Bey, the Complaint similarly does not offer factual allegations to demonstrate that Bey violated one of Plaintiff's protected liberty interests. Plaintiff does not identify what protected liberty interest is even at issue regarding Bey's conduct. (Compl. p. 5.) The Complaint, as currently written, is insufficiently pled, only stating that Bey downloaded "the video" and "tried his best to edit it as much as he could" and that Bey "was aware" "reports were falsified" regarding Breidenstein's using pepper spray and directing officers to attack Plaintiff. (Compl. p. 5.) Plaintiff's opposition only restates general claims of a "falsified report." (Opp., p. 2.) Plaintiff's

letter similarly only alleges that Bey "did not make any note to a supervisor or inform a union rep" of Breidenstein's use of force. (Letter, p. 3.) Without more, the Court is unable to ascertain any procedural due process violations based on Bey's alleged conduct; while the Court is "obligated to draw the most favorable inferences that [Plaintiff]'s complaint supports, [the Court] cannot invent factual allegations that he has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Therefore, Plaintiff's Fourteenth Amendment claims against Bey must be dismissed without prejudice.

### B.  Section 1983 - Eighth Amendment Claim

To plead an Eighth Amendment excessive force claim, a party must allege that (1) "[for the objective test] the conduct was objectively harmful enough or sufficiently serious to reach constitutional dimensions," and (2) "[for the subjective test] the defendant acted with a subjectively sufficiently culpable state of mind . . . characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." *Harris v. Miller*, 818 F.3d 49 (2d Cir. 2016). The test for wantonness "is whether the force was used in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 63 (quoting *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003)). Notably, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Arnold v. Westchester Cnty.*, 2012 WL 336129, at *4 (S.D.N.Y. Feb. 3, 2012), report and recommendation adopted, 2012 WL 841484 (S.D.N.Y. Mar. 13, 2012) (quoting *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010)).

To restate the relevant allegations from the Complaint: the Plaintiff's complaint states that Plaintiff attacked Santiago unprovoked. (Compl. p. 5.) Plaintiff attacked Santiago with such force that he was knocked down. (*Id*.) Afterwards, Plaintiff then entered the yard, "placed his hands on top of [his] head in a noncombative mode more so in a submissive position." (*Id*.) Thereafter,

Plaintiff was pepper sprayed by Breidenstein. (*Id*.) Plaintiff was then attacked by officers at the direction of Breidenstein. (*Id*.)

The objective component of the analysis is context dependent and "responsive" to modern standards of decency. *Sloane v. Borawski*, 64 F. Supp. 3d 473, 490 (W.D.N.Y. 2014) (quoting *Hudson v. McMillian*, 503 U.S. 1, 112 S. Ct. 995, 997 (1992)). The harm inflicted upon the prisoner is assessed in light of these standards. *Wright v. Goord*, 554 F.3d 255, 269 (2d Cir. 2009). Importantly, the Supreme Court has noted that "such standards are always violated when prison officials maliciously and sadistically use force to cause harm." *Hudson*, 112 S. Ct. at 996. Here, it was only after Plaintiff placed himself on his knees with his hands on his head that Breidenstein used pepper spray on Plaintiff and then also directed other officers to attack Plaintiff. While the Government attempts to argue that this was in response to Plaintiff instigating aggression against Santiago (Mot. p. 14), this is unavailing because the force did not immediately follow Plaintiff's attack against Santiago but rather after Plaintiff walked to the yard and prostrated himself. (Compl. p. 5.) Accordingly, the Court can only characterize the use of force against Plaintiff as sadistic and malicious, violating contemporary standards of decency. Importantly, courts in the Second Circuit have held that "when prison officials use force to cause harm maliciously and sadistically, 'contemporary standards of decency are always violated . . . [t]his is true whether or not significant injury is evident.'" *Wright*, 554 F.3d 255, 268-269 (quoting *Hudson,* 503 U.S. at 9, 112 S.Ct. 995); *see also Santiago v. C.O. Campisi Shield No. 4592*, 91 F. Supp. 2d 665, 674 (S.D.N.Y. 2000) (noting that "[t]o satisfy the objective test for excessive force, a plaintiff need only allege conduct that violates 'contemporary standards of decency'"). Plaintiff does allege that he suffered injury to his vision and that he suffers constant back pain; while this would not be characterized as severe injury, the issue remains that, in violation of contemporary standards of decency, harm was

inflicted upon the Plaintiff sadistically and maliciously in a sufficiently serious manner to reach constitutional dimensions. Thus, Plaintiff's allegations have satisfied the objective component of the Eighth Amendment excessive force analysis. *See Harris*, 818 F.3d 49.

The "subjective element of an Eighth Amendment claim plunges us into the state of the defendant . . . [it must be demonstrated] that the defendant acted wantonly." *Romano v. Howarth*, 998 F.2d 101, 106 (2d Cir. 1993). As discussed *supra*, the test for wantonness turns on the intent undergirding the use of force. *Harris*, 818 F.3d at 63. Because Breidenstein's use of force were after Plaintiff was no longer a threat – kneeling on the floor with his hands on his head – Breidenstein's actions cannot be described as good-faith efforts to restore order, but rather were malicious and sadistic attempts to inflict harm. *See Boddie v. Schnieder,* 105 F.3d 857, 861 (2d Cir.1997) (noting that "[w]hen no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind"). Therefore, the subjective component of the Eighth Amendment excessive force analysis is satisfied. Accordingly, the Court declines to dismiss Plaintiff's Eighth Amendment excessive force claim against Breidenstein.

Lastly, the Complaint appears to allege Eighth Amendment violations for cruel and unusual punishment as to Santiago, Bey and Stanaway. (Compl. p. 5.) However, the Complaint only alleges excessive force as to Breidenstein and makes no such allegations against Santiago, Bey and Stanaway as needed to state an Eighth Amendment excessive force claim. (*Id.*); *see Kevin Rodriguez v. Westchester County and Officer Bravado*., 2024 WL 4390222, at *3 (S.D.N.Y. Oct. 3, 2024); *see also Harris*, 818 F.3d 49. Similarly, Plaintiff's letter and Plaintiff's opposition to Defendants' motion to dismiss do not include any allegations that would give rise to a plausible Eighth Amendment excessive force claim against Santiago, Bey and Stanaway. (Opp. p. 1-2, Letter

p. 1-3.) Therefore, the Court finds that Plaintiff has failed to state plausible Eighth Amendment claims against Santiago, Bey and Stanaway and dismisses the claim without prejudice.

### C. Whether Breidenstein is Entitled to a Qualified Immunity Defense

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In determining whether qualified immunity applies, the court considers: "(1) whether the plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was clearly established at time of defendant's alleged misconduct; (3) even if the right was clearly established, whether it was objectively reasonable for the officer to believe the conduct at issue was lawful." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (quoting *Taravella v. Town of Wolcott*, 599 F.3d 129, 133-34 (2d Cir. 2010)).

Here, the Court must decide whether Breidenstein can rely on a qualified immunity defense against Plaintiff's Eighth Amendment claim. For the first consideration, as acknowledged *supra*, the Court has already concluded that Plaintiff has sufficiently pled a violation of his Eighth Amendment constitutional right to be free from cruel and unusual punishment. For the second consideration, at the time of Breidenstein's use of force against Plaintiff, Plaintiff had a clearly established constitutional right to be free from excessive force, derived from his Eighth Amendment right to be free from cruel and unusual punishment. *See Perry v. Stephens*, 659 F. Supp. 2d 577, 581 (S.D.N.Y. 2009) (noting that inmates have the right to be free from "unnecessary and wanton infliction of pain" by prison officials); *see also Wilkins v. Gaddy*, 130 S. Ct. 1175, 1176 (same); *Sims v. Artuz,* 230 F.3d 14, 20 (2d Cir. 2000) (same); *Romano*, 998 F.2d 101, 104

(same). Whether a right was clearly established turns on "Supreme Court and Second Circuit precedent existing at the time of the alleged violation." *Moore v. Vega*, 371 F.3d 110, 114 (2d Cir. 2004). Given there was ample precedent at the time of Breidenstein's conduct holding that force motivated not by an effort to maintain order or restore discipline but rather by sadistic and malicious intent and contrary to contemporary standards of decency violated an inmate's Eighth Amendment constitutional rights, the Court concludes that Plaintiff's Eighth Amendment rights were clearly established at the time of the alleged misconduct.

Finally, regarding the third consideration, the Court finds that it would not have been objectively reasonable for Breidenstein to believe the alleged conduct was lawful. While Plaintiff initially could be characterized as a threat to the safety of officers when he attacked Santiago, Plaintiff ceased being a threat when he walked into the yard and proceeded to place himself on his knees with his hands on his head. At that point, any further use of force, absent further violence from the Plaintiff, became solely motivated by sadistic and malicious intent and a desire to inflict harm without regard to any penological goals. *See Boddie*, 105 F.3d 857, 861. A reasonable officer would not have believed that an inmate who no longer presented as a threat could be lawfully subjected to gratuitous force – subjected to pepper spray and then an attack by a group of officers. *Cf Berman v. Williams*, 2019 WL 4450810 (S.D.N.Y. Sept. 17, 2019) (defendants use of force was objectively reasonable because it was proportionate to the plaintiff's resistance); *see also Casiano v. Ashley*, 515 F. Supp. 3d 19 (W.D.N.Y. 2021) (same). Therefore, the Court finds that Breidenstein is not entitled to a qualified immunity defense against Plaintiff's Eighth Amendment excessive force claim.

**D.  Section 1983 - Conspiracy Claim**

"To establish a claim for a [Section] 1983 conspiracy, Plaintiffs must demonstrate: '(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.'" *Phillips v. Cty. of Orange*, 894 F. Supp. 2d 345, 381 (S.D.N.Y. 2012) (quoting *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324-325 (2d Cir. 2002)). Beyond stating in conclusory fashion that Santiago "conspire[d] with an officer of the K-9 unit to make the K-9 seem like the Plaintiff possess contraband" (Compl. p. 5), Plaintiff's complaint offers no further allegations whatsoever to establish any of the three elements needed to effectuate a conspiracy claim under § 1983. Plaintiff's letter is similarly deficient, only restating that Santiago "conspire[d] with another officer with the intent to cause & inflict an unconstitutional injury (Letter p. 1.), and that Santiago "plot[ted] to inflict an unconstitutional act" (Letter p. 3.) Plaintiff's opposition to Defendant's motion to dismiss similarly does not save Plaintiff's conspiracy claim, only restating, in conclusory fashion, that video footage shows Santiago violating Plaintiff's Eighth Amendment and Fourteenth Amendment rights.  (Opp. p. 1.) Therefore, as currently pled, Plaintiff fails to plausibly allege a conspiracy claim against Santiago, and the Court therefore dismisses Plaintiff's § 1983 conspiracy claim without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's motion to dismiss as to *pro se* Plaintiff's Fourteenth Amendment claim, § 1983 conspiracy claim, and Eighth Amendment claims against Defendant Santiago, Defendant Bey and Defendant Stanaway without prejudice, and DENIES as to *pro se* Plaintiff's Eighth Amendment claim against Defendant Breidenstein. *Pro se* Plaintiff is granted leave to file an Amended Complaint (blank form attached hereto) by

12

December 14, 2024. *Pro se* Plaintiff is advised that the Amended Complaint will replace, not supplement, the Complaint, and so any claims that he wishes to pursue must be included in, or attached to, the Amended Complaint. Should *pro se* Plaintiff file an Amended Complaint, the Defendants are directed to answer or otherwise respond by January 6, 2025, and the parties are directed to confer, complete and file a Case Management Plan and Scheduling Order (blank form attached) by February 7, 2025. If *pro se* Plaintiff fails to file an Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice. If no Amended complaint is timely filed, Defendant Breidenstein is directed to file an answer on or before January 6, 2025, and the parties are directed to complete and file a Case Management Plan and Scheduling Order by February 7, 2025.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 35 and to mail a copy of this Opinion to the *pro se* Plaintiff at the address listed on ECF and to show service on the docket.

Dated:    November 13, 2024                         SO ORDERED:
          White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                 Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                               State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                          Plaintiff's Signature

_____
First Name                         Middle Initial            Last Name

_____
Prison Address

_____
County, City                                State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

UNITED STATES DISTRICT COURT                              Rev. Jan. 2012

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x


                                              **CIVIL CASE DISCOVERY PLAN**

                        Plaintiff(s),         **AND SCHEDULING ORDER**

       - against -



                        Defendant(s).         _____ CV _____ (NSR)



-------------------------------------------------------------x


 This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel,
pursuant to Fed. R. Civ. P. 16 and 26(f):


   1.      All parties [consent] [do not consent] to conducting all further proceedings before a
           Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).  The
           parties are free to withhold consent without adverse substantive consequences.  (If all
           parties consent, the remaining paragraphs of this form need not be completed.)


   2.      This case [is] [is not] to be tried to a jury.


   3.      Joinder of additional parties must be accomplished by _____.


   4.      Amended pleadings may be filed until _____.

5.      Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter.  The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6.      First request for production of documents, if any, shall be served no later than _____.

7.      Non-expert depositions shall be completed by _____.

    a.      Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

    b.      Depositions shall proceed concurrently.

    c.      Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8.      Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.      Requests to Admit, if any, shall be served no later than _____.

10.     Expert reports shall be served no later than _____.

11.     Rebuttal expert reports shall be served no later than _____.

12.     Expert depositions shall be completed by _____.

13.     Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14.     **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15.     Any motions shall be filed in accordance with the Court's Individual Practices.

16.     This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17.     The Magistrate Judge assigned to this case is the Hon. _____.

18.     If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19.     The next case management conference is scheduled for _____, at _____.  (The Court will set this date at the initial conference.)

SO ORDERED.

Dated:  White Plains, New York

        _____

                                                        _____

                                                        Nelson S. Román, U.S. District Judge