USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/29/2025_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEENAN PARKER,

                       Plaintiff,

-against-

C.O. SANTIAGO; C.O. K. BREIDENSTEIN;
L. STANAWAY; CAPTAIN BEY,

                       Defendants.

7:23-CV-9326 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Keenan Parker ("Plaintiff") brings this action against Defendant Correctional Officer Santiago ("C.O. Santiago"), Defendant Correctional Officer Breidenstein ("C.O. Breidenstein"), Defendant Correctional Captain Bey ("Capt. Bey"), and Defendant Grievance Representative L. Stanaway ("Rep. Stanaway") (together the "Defendants"). Plaintiff asserts claims under 42 U.S.C. § 1983 alleging violations of the Eighth Amendment and Fourteenth Amendment, as well as a 42 U.S.C. § 1983 conspiracy claim.

Presently before the Court is Defendants' Motion to Dismiss *pro se* Plaintiff's Amended Complaint. ("AC", ECF No. 51.) For the following reasons, the Court GRANTS the Defendants' motion.

## BACKGROUND

The following facts are derived from the Plaintiff's Amended Complaint and are taken as true and construed in the light most favorable to the Plaintiff at this stage.

Plaintiff is an inmate at Attica Correctional Facility. (*See generally* AC.) The events giving rise to this action occurred at Green Haven Correctional Facility ("Green Haven"). Plaintiff alleges that on December 14, 2020, in the F and G Corridor at Green Haven, Correction Officer ("C.O.") Santiago (David) conspired with a K-9 officer to make it appear that Plaintiff possessed contraband

1

when the dog passed by. (AC at 4.) Plaintiff asserts that, acting out of fear, he attacked C.O. Santiago. (*Id.*) Following the altercation, Plaintiff alleges that he went into the yard, got on his knees, and put his hands on top of his head. (*Id.*) While in this position, Plaintiff contends that C.O. Breidenstein pepper sprayed Plaintiff in the eyes, face, and hair. (*Id.*) Plaintiff states Defendants, acting within their scope of employment, are all responsible for violations of his Eighth and Fourteenth Amendment rights. (*Id.*) Plaintiff further alleges that C.O. Santiago and C.O. Breidenstein conspired to falsify a written incident report that misrepresented the events of the altercation and conflicted with the body-camera footage. (AC at 5.) Plaintiff avers that Captain Bey downloaded the body cam video, was aware that the events depicted in the footage do not reflect what occurred, and that Captain Bey deliberately allowed violations against Plaintiff to proceed. (*Id.*)

Separately, Plaintiff asserts that Defendant Stanaway has been previously named in lawsuits for "failure to push grievances to [the] next level." (*Id.*) Plaintiff claims that he suffered physical and emotional injuries, including impaired vision, itchy and dry eyes from the pepper spray, and mental anguish resulting from solitary confinement, which deprived him of family visits. (*Id.*)

Based on the foregoing, Plaintiff brings Section 1983 claims alleging violations of the Eighth Amendment and Fourteenth Amendment, as well as a Section 1983 conspiracy claim, seeking monetary relief for damages.

## PROCEDURAL HISTORY

On October 20, 2023, Plaintiff commenced this action against Defendants in his complaint ("Compl.", ECF No. 1) On July 2, 2024, Defendants filed a Motion to Dismiss and their memorandum of law in support (ECF Nos. 35 and 36) which Plaintiff opposed. (ECF No. 39.) On

November 13, 2024, the Court granted the Defendants' Motion to Dismiss without prejudice and allowed Plaintiff to file an Amended Complaint. (ECF No. 42.) On February 28, 2025, the Plaintiff filed an Amended Complaint. (ECF No. 51.) On May 1, 2025, Defendants filed their second Motion to Dismiss ("Mot." ECF No. 67) along with a memorandum of law in support ("MoL", ECF No. 68) and attorney declaration ("Barbanes Decl.," ECF No. 69). Plaintiff did not file an opposition.

## LEGAL STANDARDS

### A. Rule 12(b)(1) Lack of Subject Matter Jurisdiction

Under the Federal Rule of Civil Procedure 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it. When resolving a Rule 12(b)(1) motion for lack of subject matter jurisdiction, the court may refer to evidence outside the pleadings. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). Plaintiff bears the burden of demonstrating by a preponderance of the evidence that subject matter jurisdiction exists. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).

### B. Rule 12(b)(6) Failure to State a Claim

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Freidus v. Barclays Bank PLC*, 734 F.3d 132, 137 (2d Cir. 2013). Under the Federal Rules of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. The courts are "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id*. at 678. The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[ ] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### C. 42 U.S.C. § 1983

42 U.S.C. § 1983 ("Section 1983") provides, in relevant part, that, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); see *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). To assert a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); see *Cornejo v. Bell*,

4

592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.")

### D. *Pro Se* Pleading Standard

Where a litigant is *pro se*, the Court is empowered to consider "new facts raised in opposition papers to the extent they are consistent with the complaint, treating the new factual allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018). A Court may consider "new claims appearing for the first time in the briefing 'if the claims could have been asserted based on the facts alleged in the complaint.'" *Vlad-Berindan v. MTA New York City Transit*, No. 14-cv-675, 2014 WL 6982929, at *6 (S.D.N.Y. 2014) (citing *Rosado v. Herard*, No. 12-cv-8943, 2013 WL 6170631, at *3 (S.D.N.Y. 2013)). Courts are to read a *pro se* litigant's papers "liberally" and "interpret them to raise the strongest argument that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

## DISCUSSION

Plaintiff's Amended Complaint asserts claims sounding in alleged Fourteenth Amendment and Eighth Amendment violations, as well as a Section 1983 conspiracy claim. Specifically, Plaintiff alleges excessive use of force, conspiracy to violate his civil rights, and deliberate indifference. (*See generally* AC.) Defendants assert that Plaintiff has failed to state a plausible claim upon which relief can be granted, and therefore the claims must be dismissed. (*See generally* MoL.) The Court concludes that Defendants' motion to dismiss is GRANTED with respect to

Plaintiff's Fourteenth Amendment claim, Section 1983 conspiracy claim, and Eighth Amendment claims against Defendants C.O. Santiago, Capt. Bey, and Rep. Stanaway, and DENIED with respect to Plaintiff's Eighth Amendment claim against Defendant Breidenstein. The Court will discuss each claim in turn.

**A. Section 1983 - Fourteenth Amendment Claim**

Plaintiff fails to state a viable Fourteenth Amendment due process claim against C.O. Santiago, Rep. Stanaway, and Capt. Bey. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To plead a procedural due process violation under § 1983, a plaintiff must allege that a defendant, acting under color of state law, "(1) deprived him of a cognizable interest in life, liberty, or property, and (2) did so without affording constitutionally sufficient process." *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017); *Bedoya v. Coughlin*, 91 F.3d 349, 351–52 (2d Cir. 1996). Mere conclusory allegations do not suffice. *Richard v. Fischer*, 38 F. Supp. 3d 340, 351 (W.D.N.Y. 2014) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988)). Nor does the filing of a false disciplinary report, standing alone, establish a denial of due process. *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). A due process violation arises only when procedural safeguards are denied that would have allowed an inmate to challenge the falsity of the report, or where fabrication was retaliatory. *Mitchell v. Senkowski*, 158 F. App'x 346, 349 (2d Cir. 2005). "[p]leadings pursuant to § 1983 must contain 'more than mere conclusory allegations.'" *Richard v. Fischer*, 38 F. Supp. 3d 340, 351 (W.D.N.Y. 2014) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir.1988)). The Amended Complaint alleges that "Stanaway is on extensive lawsuits for failure to push grievances to [the] next level halting process." (AC at 5.) However, Plaintiff provides no factual allegations showing how Stanaway personally violated his Fourteenth

6

Amendment due process rights in this case. Plaintiff's reference to other lawsuits or alleged prior misconduct is speculative and irrelevant to whether Stanaway was personally involved in the handling of Plaintiff's grievance. Conclusory statements unsupported by specific facts cannot sustain a due process claim. Because Plaintiff fails to allege how Stanaway's actions deprived him of any liberty or property interest or denied him procedural protections, the Court finds no plausible constitutional violation.

Plaintiff further alleges that "Captain Bey downloaded [the] video and knows [it] does not support [the] ticket but deliberately allowed these violations to proceed." (AC at 5.) This single allegation, without any factual detail, is insufficient to show that Bey deprived Plaintiff of a protected liberty interest or denied him due process. The Court must "draw the most favorable inferences that [Plaintiff]'s complaint supports," but it "cannot invent factual allegations that he has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Plaintiff fails to identify what procedural safeguards were denied, how Bey's alleged conduct impacted his disciplinary process, or how it resulted in a deprivation of liberty. Lastly, Plaintiff asserts that C.O. Santiago and C.O. Breidenstein "conspired to falsify a written report" following the incident. (AC at 5.) However, it is well settled in this Circuit that "the mere filing of a false disciplinary report, without more, does not constitute a deprivation of due process." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). A false report violates due process only when the inmate is denied procedural safeguards that would allow him to challenge it, or when the fabrication is motivated by retaliation. *Mitchell*, 158 F. App'x at 349. Plaintiff does not allege either circumstance here—he identifies no denial of process and no retaliatory motive.

Accordingly, Plaintiff's Fourteenth Amendment due process claims against Defendants Rep. Stanaway, Capt. Bey, C.O. Santiago, and C.O. Breidenstein are DISMISSED in their entirety.

### B. Section 1983 - Eighth Amendment Claim

Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claims is GRANTED in part and DENIED in part.

**Excessive Force**

Plaintiff's excessive force claim against Defendant C.O. Breidenstein survives dismissal, while the claims against Defendants C.O. Santiago, Capt. Bey, and Rep. Stanaway are DISMISSED. The Eighth Amendment protects prisoners from the "unnecessary and wanton infliction of pain," which constitutes cruel and unusual punishment under the Constitution. *Whitley v. Albers*, 475 U.S. 312, 318–19 (1986). Not every governmental action affecting the well-being of a prisoner gives rise to constitutional liability; rather, an excessive force claim requires a showing that the defendant's conduct was both (1) objectively harmful enough to reach constitutional significance and (2) subjectively wanton, reflecting a malicious and sadistic intent to cause harm. *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016) (quoting *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003)). The central inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* Moreover, "not every malevolent touch by a prison guard gives rise to a federal cause of action." *Arnold v. Westchester Cnty.*, 2012 WL 336129, at *4 (S.D.N.Y. Feb. 3, 2012), report and recommendation adopted, 2012 WL 841484 (S.D.N.Y. Mar. 13, 2012) (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). Here, Plaintiff alleges that after an altercation with C.O. Santiago, he walked into the yard, knelt down, and placed his hands on his head in surrender. (AC at 4.) While in that position, C.O. Breidenstein allegedly pepper sprayed Plaintiff in the eyes and hair, causing blurred and painful vision. (Id. at 5.) These facts, taken as true, plausibly establish both the

8

objective and subjective components of an Eighth Amendment violation. Objectively, the use of pepper spray on a non-resisting inmate who had already submitted is "sufficiently serious" to constitute excessive force. Subjectively, the alleged conduct suggests no legitimate penological purpose; rather, it reflects malicious and sadistic intent to inflict harm. Courts have consistently held that force used against a compliant inmate cannot be characterized as a good-faith effort to restore order. *See Banks v. Cty. of Westchester*, 168 F. Supp. 3d 682, 691 (S.D.N.Y. 2016); *Tracy v. Freshwater*, 623 F.3d 90, 99 (2d Cir. 2010). As this Court has recognized, "when no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may be sufficient evidence of a culpable state of mind." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997). Because Plaintiff's allegations describe the use of force after he had ceased resisting—kneeling on the ground with his hands on his head—the complaint plausibly supports a finding of malicious intent. Accordingly, the motion to dismiss Plaintiff's Eighth Amendment claim against C.O. Breidenstein is DENIED.

By contrast, Plaintiff's Eighth Amendment claims against C.O. Santiago, Capt. Bey, and Rep. Stanaway must be dismissed. The Amended Complaint contains no factual allegations describing any force personally used by Santiago (who was admittedly attacked by the Plaintiff), nor any facts showing that Bey or Stanaway were present and participated in or directed Breidenstein's conduct. It is well established that personal involvement is a prerequisite to damages under § 1983. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Supervisory liability cannot rest on a theory of respondeat superior. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). Plaintiff alleges no facts establishing that Bey or Stanaway had direct involvement, knowledge, or deliberate

9

indifference to the alleged use of force. Nor does the complaint contain any plausible factual claim that Santiago himself used excessive force or acted with malicious intent.

In sum, Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendant C.O. Breidenstein but fail as to Defendants C.O. Santiago, Capt. Bey, and Rep. Stanaway. Accordingly, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part—DENIED as to Plaintiff's claim against Breidenstein and GRANTED as to all remaining Eighth Amendment claims.

### Deliberate Indifference

Plaintiff fails to plausibly allege an Eighth Amendment claim for deliberate indifference to serious medical needs against any of the Defendants. To state an Eighth Amendment claim based on inadequate medical care, an inmate must allege that a state actor was deliberately indifferent to his serious medical needs. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This standard has both objective and subjective components. *Hathaway v. Coughlin*, 37 F.3d 63, 67 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious," meaning the harm is significant when measured against contemporary standards of decency. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Makell v. Cnty. of Nassau*, 599 F. Supp. 3d 101, 111 (E.D.N.Y. 2022) (quoting *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009)). Subjectively, the defendant must have acted with a culpable state of mind—specifically, knowing of and disregarding an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference thus requires more than negligence, though less than conduct undertaken with intent to cause harm. (*Id.* at 835.) Plaintiff's allegations fail to satisfy either prong. The Amended Complaint does not identify any specific medical condition requiring treatment, any request for care that was ignored, or any delay that caused further injury. Nor does

Plaintiff allege facts showing that any Defendant was aware of and disregarded a serious risk to his health or safety. Conclusory statements that Plaintiff suffered eye irritation or emotional distress are insufficient to meet the constitutional threshold for deliberate indifference. *See Estelle*, 429 U.S. at 106 (holding that medical negligence or disagreement over treatment does not state an Eighth Amendment claim). Without factual allegations demonstrating both a serious medical need and a culpable mental state, Plaintiff's claim amounts, at most, to negligence or dissatisfaction with the medical response—neither of which rises to the level of a constitutional violation.

Accordingly, Plaintiff's Eighth Amendment claim for deliberate indifference to medical needs fails as to all Defendants. Plaintiff's allegations are lacking as to each and every element necessary to support a plausible claim. Accordingly, the claim is deemed DISMISSED with prejudice.

**C. Section 1983 - Conspiracy Claim**

Defendants' Motion to Dismiss Plaintiff's Section 1983 conspiracy claim is GRANTED. To assert a Section 1983 conspiracy claim, a plaintiff must allege: (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324-325 (2d Cir. 2002) (citing *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.1999)). Conclusory or speculative allegations of agreement, unsupported by concrete facts, are insufficient to survive dismissal. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Here, Plaintiff alleges that "C.O. Santiago and C.O. Breidenstein conspired amongst each other to falsify a written report (ticket) which does not support body-worn camera footage." (AC at 5.) Plaintiff further claims that Officer Santiago "conspired with the K-9 officer to make it appear [that] Plaintiff has contraband once the

11

dog passed by," and that Captain Bey downloaded the body-camera footage and allowed the report to be forwarded to Rep. Stanaway.[1] (*Id.* at 4–5.) These allegations are conclusory and speculative. Plaintiff provides no factual content suggesting the existence of any agreement or concerted action among the Defendants. Assertions that Plaintiff "felt" certain officers conspired or acted in coordination amount to mere conjecture and fail to raise the claim above the speculative level. *See SEC v. Thompson*, 238 F. Supp. 3d 575, 587 (S.D.N.Y. 2017) (explaining that a complaint must set forth specific facts showing a "meeting of the minds" to violate constitutional rights). Plaintiff's allegations rely solely on inference and personal belief, without supporting facts indicating that any Defendant entered into an unlawful agreement or took overt steps in furtherance of one. Because Plaintiff's Section 1983 conspiracy allegations rest on speculation rather than concrete factual assertions, the claim fails as a matter of law and is DISMISSED with prejudice.

### D. Leave to Amend

Plaintiff is granted leave to amend his pleading with respect to his Fourteenth Amendment due process claims and Eighth Amendment deliberate indifference claim. Under Fed. R. Civ. P. 15(a)(2), courts are to "freely give leave [to amend a pleading] when justice so requires. The Second Circuit has counseled courts not to dismiss a complaint with prejudice prior to issuing a ruling that highlights the "precise defects" of those claims. *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) (*per curiam*). If a complaint's deficiencies are "substantive" as opposed to "inadequately or inartfully plead" claims, an opportunity to replead would be "futile" and "should be denied." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The Court is not convinced that an opportunity to replead would be futile. Accordingly, the Court grants Plaintiff

---

[1] Plaintiff does not allege any personal involvement on the part of Defendant Rep. Stanaway, other than having received the infraction report in his capacity as a "Grievance Rep."

leave to amend his pleading with respect to his Fourteenth Amendment due process claims and Eighth Amendment deliberate indifference claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment due process and Eighth Amendment deliberate indifference claims against all Defendants without prejudice to repleading. Plaintiff's Eighth Amendment excessive force claims against Defendants C.O. Santiago, Captain Bey, and Rep. Stanaway, as well as Plaintiff's Section 1983 conspiracy claim against all Defendants, are deemed DISMISSED with prejudice. Plaintiff's only surviving claim for alleged excessive force is as against C.O. Breidenstein.

*Pro se* Plaintiff is granted leave to file a Second Amended Complaint ("SAC") (blank form attached hereto) with respect to his Fourteenth Amendment due process claims and Eighth Amendment deliberate indifference claim. *Pro se* Plaintiff shall have until December 1, 2025, to do so, consistent with this Opinion and Order. Plaintiff is advised that the SAC will replace, not supplement, the original Amended Complaint, and so any claims he wishes to pursue must be included in the SAC. Should *pro se* Plaintiff file a SAC, the Defendants are directed to answer or otherwise respond to SAC by December 22, 2025. If *pro se* Plaintiff fails to file his SAC within the time allowed, those claims that were dismissed without prejudice shall be deemed DISMISSED with prejudice. If no SAC is timely filed, Defendant Breidenstein is similarly directed to file an answer on or before December 22, 2025. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 67 and to mail a copy of this Opinion to the *pro se* Plaintiff at the address listed on ECF and to show service on the docket.

Dated: October 29, 2025
      White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

13