UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

KEENAN PARKER,

Plaintiff,

-against-

C.O. K. BREIDENSTEIN,

Defendant.
-----------------------------------------------------------x

**ORDER**

23 Civ. 9326 (NSR) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

The Court is in receipt of Plaintiff's letters dated August 21, 2026, September 11, 2026, and September 14, 2026. *See* ECF Nos. 90, 92, 93. Among other things, Plaintiff raises what the Court construes as a discovery dispute, in that he alleges that "[t]he A.A.G. is withholding [t]he B.W.C. of K. Bridenstein [*sic*] they showed it at my disciplinary hearing & now someone does not want to show that B.W.C. that Bridenstein [*sic*] wore that day & there are records indicating she had one on that day." ECF No. 93 at 1.

At the status conference on July 27, 2026, in response to Plaintiff's previously-expressed concerns regarding body-worn camera ("BWC") footage, the Court ordered Defendant's counsel to investigate whether any additional BWC vantage points of the incident at issue in this action existed. *See* ECF No. 86 (memorializing matters addressed at the July 27, 2026 conference). Counsel was directed to inform the Court of the steps taken to investigate, to confirm whether any additional footage existed, and to provide the names of all officers for whom footage has been located and produced. *Id*. On August 14, 2026, Defendant's counsel submitted a letter informing the Court that she had instructed the Incarcerated Records Coordinator's office at Green Haven Correctional Facility to "conduct a search of all BWC recordings associated with

the December 14, 2020 incident involving Plaintiff . . . in the F and G corridor and yard area of that facility." ECF No. 88. Counsel represented that the coordinator confirmed that the four BWC videos produced to Plaintiff—that is, BWC footage from C.O. D. Santiago, Sergeant Blot, Sergeant Escalera, and Sergeant Tokarz—were the only BWC recordings of the incident, and were the recordings in Plaintiff's Tier Hearing packet for this incident. *Id.* at 1. Counsel confirmed that these four recordings "constitute the complete universe of BWC footage associated with the December 14, 2020 incident," and that "[n]o additional BWC footage has been located." *Id.* at 2. The four recordings were produced to Plaintiff and made available for him to view at Upstate Correctional Facility.[1] *See* ECF Nos. 88, 91.

At this point, the Court has made clear to Defendant's counsel that she is obligated to produce any and all BWC video of the incident at issue in this litigation, and it is apparent that counsel understands and accepts that obligation. Counsel has represented to the Court that she has conducted further searches for any additional video, and has produced all available video. There is nothing more that the Court can do with respect to Plaintiff's allegations of missing videos. If at any point additional BWC footage is discovered, Defendant must comply with her obligations under to Rule 26(e) of the Federal Rules of Civil Procedure to timely supplement or correct her initial Rule 26 disclosures and her responses to interrogatories and document demands. *See* Fed. R. Civ. P. 26(e); *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 67 (E.D.N.Y. 2012) (parties must supplement their discovery responses in a timely manner if they "learn[]that in some material respect the disclosure or response is incomplete or incorrect, and if the

[1] In a letter dated September 9, 2026, Defendant's counsel informed the Court that an Offender Rehabilitation Coordinator at the Upstate Correctional Facility received the videos on August 19, 2026, and arranged to have Plaintiff review them, but that Plaintiff reportedly refused to watch any of the four videos. ECF No. 91.

additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."). The obligation to amend prior disclosures and discovery responses continues even after the conclusion of discovery. *Lujan*, 284 F.R.D. at 67.

With that, the Court understands that discovery in this action is complete.

* * * * * * * * * *

In the July 30, 2026 order, the Court set a deadline of August 31, 2026 for Plaintiff to file a motion for leave to amend the complaint if he was interested in doing so. *See* ECF No. 86. Plaintiff did not file a motion for leave to amend by that date, even though he filed various other letters with the Court at our around that time. Accordingly, it appears that Plaintiff does not intend to file such a motion.

* * * * * * * * * *

At the July 27, 2026 status conference, Defendant's counsel indicated that Defendant intends to file a motion for summary judgment. Any party that seeks to file a motion for summary judgment must file a pre-motion conference letter, addressed to Judge Román, in accordance with Judge Román's Individual Rules, by **October 9, 2026**. Defendant must also mail a copy of her pre-motion conference letter to Plaintiff at his address on the docket. Any responses to the pre-motion conference letters are due by **October 23, 2026**. The parties are reminded that, pursuant to Judge Román's Individual Rule 3.A, any pre-motion conference letter must not be longer than three pages.

The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* Plaintiff.

Dated: September 24, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge